Citation Nr: 1334646 
Decision Date: 10/30/13 Archive Date: 11/06/13

DOCKET NO. 07-29 990 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Medical and Regional Office Center 
in Fargo, North Dakota


THE ISSUE

Entitlement to service connection for histoplasmosis of the left eye.


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

S. Higgs, Counsel


INTRODUCTION

The Veteran served on active duty from August 1960 to August 1964.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a rating decision dated in September 2006 by the VA Regional Office (RO).

The Board remanded this case in December 2011 for additional development of the record.

The Virtual VA paperless claims processing system includes a June 2013 Appellant's Post-Remand Brief submitted by the Veteran's representative.


FINDING OF FACT

The currently demonstrated left eye histoplasmosis is shown as likely as not to be due environmental exposure that happened during his period of active service.


CONCLUSION OF LAW

By extending the benefit of the doubt in the Veteran's favor, his disability manifested by histoplasmosis of the left eye is due to disease or injury that was incurred in active service. 38 U.S.C.A. §§ 1131, 5107 (West 2002); 38 C.F.R. §§ 3.102, 3.303 (2012).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veterans Claims Assistance Act of 2000 (VCAA), Pub. L. No. 106-475, 114 Stat. 2096 (2000), defines the obligations of VA with respect to the duty to assist and includes an enhanced duty to notify a claimant as to the information and evidence necessary to substantiate a claim for VA benefits. First, VA has a duty to notify the Veteran of any information and evidence needed to substantiate and complete a claim. 38 U.S.C.A. §§ 5102, 5103 (West 2002); 38 C.F.R. § 3.159(b). 

Second, VA has a duty to assist the Veteran in obtaining evidence necessary to substantiate a claim. 38 U.S.C.A. § 5103A (West 2002); 38 C.F.R. § 3.159(c). 
In this decision, the Board grants benefit sought on appeal in full. Thus, no discussion of VA's duty to notify or assist is necessary. 

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C.A. §§ 1110, 1131. 

Service connection may be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

Generally, in order to prevail on the merits on the issue of service connection, there must be competent evidence of current disability; competent evidence of in-service incurrence or aggravation of a disease or injury; and competent evidence of a nexus between the claimed in-service disease or injury and the present disability. Shedden v. Principi, 381 F.3d 1163 (Fed. Cir. 2004).

In this matter, the Veteran was afforded a VA examination in February 2012, and a July 2012 addendum opinion that stated that the Veteran could have contracted histoplasmosis on his farm, or while visiting his sister in Kentucky, or in the military, it was most likely that it was due to exposure while in the military stationed in Memphis. 

The Veteran's service personnel records have been obtained and confirm the claimed period of active service in Memphis, Tennessee.

The VA examiner had expertise in the relevant field of medicine. His July 2012 opinion is based on review of the claims file, an eye examination in February 2002, the taking of an accurate history from the Veteran, and a review of the relevant medical literature, including that submitted by the Veteran. 

The opinion is well reasoned and based on an accurate factual background, and therefore is of a very high probative value. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008) (neither a VA examination report nor a private medical opinion is entitled to any weight in a service-connection or rating context if it contains only data and conclusions; most of the probative value of a medical opinion comes from its reasoning). 

The May 2011 VA examiner's opinion against the Veteran's claim also is of a significant probative value.

Based on a review of the entire record, the Board finds the evidence to be in relative equipoise in showing that the Veteran's histoplasmosis of the left eye as likely as not is due to environmental conditions to which he was exposed during active service. 

In resolving all reasonable doubt in the Veteran's favor, service connection is warranted.


ORDER

Service connection for histoplasmosis of the left eye is granted.



____________________________________________
STEPHEN L. WILKINS
Veterans Law Judge, 
Board of Veterans' Appeals

Department of Veterans Affairs